UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

     v.                              Criminal No. 90-111-02-NHS
                                     Opinion No. 2010 DNH 079

<u>Andres Gabriel Bello-Perez</u>


                              O R D E R

     In 1991, Andres Gabriel Bello-Perez was convicted of conspiring to distribute cocaine, in violation of 21 U.S.C. § 846.  The conviction was affirmed in 1992.  Acting pro se, Bello-Perez then took several steps to attack his conviction and sentence.  On July 29, 1996, and October 24, 1996, he filed petitions pursuant to 28 U.S.C. § 2255, both of which were denied.  <u>See</u> 96-cv-407-JD; 96-cv-533-JD.  He applied for a certificate of appealability, which the Court of Appeals for the First Circuit denied in April, 1997.  In May, 2008, he filed a motion in his criminal case to reduce his sentence based on the intervening change in the Sentencing Guidelines pertaining to sentences for certain crimes involving crack cocaine.  The motion was denied because the offense for which he was convicted did not involve crack cocaine.  On September 15, 2008, Bello-Perez filed a "Petition for Writ of Audita Querela," which was dismissed for

lack of jurisdiction.  <u>See</u> 08-cv-381-JD.  The dismissal was affirmed on March 16, 2009.  Bello-Perez then filed a motion for a certificate of appealability, which was denied.  The denial was summarily affirmed.

Bello-Perez now moves for a modification of his criminal sentence, pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6).  The United States objects.

## Background

In June, 1991, Bello-Perez was found guilty of conspiring to distribute cocaine.  At his sentencing, in November, 1991, the court applied the then-mandatory federal Sentencing Guidelines and found that the total offense level was 42 and the criminal history category was I, yielding a Guideline range of 360 months to life in prison.  Bello-Perez was sentenced to 360 months. According to Bello-Perez, the fourteen other defendants named in the same superseding indictment received sentences that varied from 12 months of probation and a $1,000 fine to 144 months in prison.

## Discussion

Bello-Perez moves for a modification of the judgment against him on the grounds that it is "no longer equitable."

Specifically, he argues that the disparity between his sentence and the sentences received by the others is inequitable, and that his sentence should be reconsidered in light of United States v. Booker, 543 U.S. 220 (2005).  He cites Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 648 n.10 (1st Cir. 1972) and United States v. Swift & Co., 286 U.S. 106, 115 (1932) for the proposition that a court of equity has the inherent power to modify an injunction in light of changed circumstances that render the injunction "an instrument of wrong."

The government objects to Bello-Perez's motion, arguing that it should be considered as a § 2255 petition, and that it should therefore be denied because Bello-Perez has not received certification from the appellate court to file a second petition.[1]  Even if he were to ask the appellate court for such a certificate, the government argues, it would be denied because Booker is not retroactive to cases on collateral review.

Bello-Perez argues that his motion should not be considered a § 2255 petition.  Although unclear, he appears to contend that Federal Rule of Civil Procedure 60(b) is the proper procedural

---

[1] In order to obtain a certificate allowing a second or successive motion under 28 U.S.C. § 2255, the motion must contain either newly discovered evidence of innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  § 2255(h)(2).

3

vehicle because it was intended to replace the writ of error coram nobis and because his "exhaustion" of his rights to petition under § 2255 does not bar a Rule 60(b) motion.  Bello-Perez also argues that Booker should apply retroactively to his case because he is asserting that his sentence is fundamentally unfair and inequitable.

A.   Applicability of Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b)(5) and (6) allow a court to "relieve a party . . . from a final judgment, order, or proceeding [where] the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief."  Bello-Perez filed his motion for modification of the judgment in his criminal case, however.  Criminal cases are governed not by the Federal Rules of Civil Procedure, but rather by the Federal Rules of Criminal Procedure.  See Fed. R. Civ. P. 1 ("[These rules govern the procedure in all civil actions and proceedings.") (emphasis added); Fed. R. Crim. P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings.") (emphasis added).  As filed, therefore, Rule 60(b) cannot provide the relief Bello-Perez seeks.  See Enwonwu v. United States, 199 Fed. Appx. 6, 6

n.2 (1st Cir. 2006) ("Fed. R. Civ. P. 60(b) . . . applies only to civil cases . . . and therefore cannot serve as a means of seeking relief from a criminal conviction."). Bello-Perez is proceeding pro se, however, and therefore his motion will be construed liberally. See, e.g., United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("pro se habeas petitions normally should be construed liberally in petitioner's favor"); Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) ("courts hold pro se pleadings to less demanding standards than those drafted by lawyers").

    Turning to the Federal Rules of Criminal Procedure, Rule 35(a) allows the court to "correct a sentence that resulted from arithmetical, technical or other clear error," while Rule 35(b) allows the court, upon the government's motion, to reduce a sentence if the defendant "provided substantial assistance in investigating or prosecuting another person." A motion under Rule 35(a) must be brought within fourteen days after sentencing, while a motion under Rule 35(b) must be brought by the government within one year of sentencing. Construed as a request under Rule 35(a), therefore, Bello-Perez's motion fails because it was filed in 2009, approximately eighteen years after his sentencing. Moreover, with respect to Rule 35(b), the government did not file

a motion within one year of Bello-Perez's sentencing indicating that he provided substantial assistance.

B.   28 U.S.C. § 2255

Bello-Perez argues that his motion should not be treated as a § 2255 petition, but the Court of Appeals for the First Circuit has made it clear that "a Rule 60(b) motion that principally challenges the constitutionality of a habeas petitioner's underlying conviction should be treated as a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act." Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003).  Here, Bello-Perez urges that his sentence should be modified because it was imposed under a Guideline scheme that was then mandatory but has since been deemed only advisory.  He relies specifically on the Booker case, which held that "the provision of the federal sentencing statute that makes the Guidelines mandatory" was unconstitutional, and that its removal rendered the Guidelines "effectively advisory."  543 U.S. at 245. Bello-Perez's motion, then, principally challenges the constitutionality of his underlying conviction and sentence.  As such, the motion constitutes a second and successive § 2255 petition.  See Lara v. United States, No. 00-554-ML, 2008 WL 608323, at *4 (D.R.I. Mar. 4, 2008) (where defendant's motion

"does not contest any procedural irregularity in the procurement of the judgment dismissing his § 2255 motion but rather seeks to attack the validity of his underlying conviction and sentence . . ., the motion indisputably constitutes a second and successive § 2255 petition") (citing Munoz, 331 F.3d at 153).

Because his motion is a second and successive petition, Bello-Perez may not file it without the authorization of the appellate court, which he has not received.  This requirement for pre-authorization is "an allocation of subject-matter jurisdiction to the court of appeals."  United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999) (quotation marks omitted).  "[A] district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals."  Id., 178 F.3d 34, 41.  Bello-Perez's motion is dismissed for lack of jurisdiction.[2]

---

[2] The court also notes that 18 U.S.C. § 3582 prohibits the court from modifying a prison sentence except in certain limited circumstances not applicable here.

<u>Conclusion</u>

For the foregoing reasons, Bello-Perez's motion to modify a judgment (doc. no. 100) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 6, 2010

cc: Robert J. Veiga, Esquire
    Andres Gabriel Bello-Perez, pro se